

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 8, 1952

Hon. W. A. Hadden
County Attorney
Pecos County
Fort Stockton, Texas

Dear Mr. Hadden:

Opinion No. V-1501

Re: Which section of Article
6687b, V.C.S., is vio-
lated when a Texas resi-
dent operates an automo-
bile during the time that
his operator's license
has been suspended.

In your letter requesting an opinion of this
office, you state the following facts:

"The State Highway Patrolman who resides
here has arrested a party, who has had his op-
erator's license suspended for six months under
conviction of unlawfully operating an automobile
upon a public highway in this county, and de-
sires to file a charge against this person for
operating a motor vehicle during the six months'
suspension.

"The party convicted and who has now dis-
obeyed the six months' suspension judgment is a
local man and had a Texas license, not a foreign
license."

You ask whether a complaint based on these facts
should be filed under Section 27 or under Section 34 of
Article 6687b, V.C.S.

Sections 27, 34 and 44 of Article 6687b read as
follows:

"Sec. 27. <u>No operation under foreign li-
cense during suspension or revocation in this
State</u>.

"No person, resident or nonresident, whose
operator's, commercial operator's, or chauffeur's
license or privilege to operate a motor vehicle
in this State has been suspended or revoked as

provided in this Act shall operate a motor vehicle in this State under a license, permit, or registration certificate issued by any other jurisdiction or otherwise during such suspension cr after such revocation until a new license is obtained when and as permitted under this Act."

"Sec. 34. <u>Driving while license suspended or revoked.</u>

"Any person whose operator's, commercial operator's, or chauffeur's license or driving privilege as a nonresident has been cancelled, suspended, or revoked as provided in this Act, and who drives any motor vehicle upon the highways of this State while such license or privilege is cancelled, suspended, or revoked is guilty of a misdemeanor, and, upon conviction, shall be punished by fine of not less than Twenty-five Dollars ($25), and not more than Five Hundred Dollars ($500), and in addition thereto, there may be imposed a sentence of imprisonment not to exceed six (6) months."

"Sec. 44. <u>Penalty for violation of Act.</u>

"(a) It shall be a misdemeanor for any person to violate any of the provisions of this Act unless such violation is by this Act or other laws of this State declared to be a felony.

"(b) In addition to any other penalties hereinbefore provided, and unless another penalty is in this Act or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any provision of this Act shall be punished by fine of not more than Two Hundred Dollars ($200)."

Section 34 is the proper section under which a charge should be brought against a Texas resident who drives a motor vehicle on Texas highways after his license to drive has been suspended. See <u>Persall v. State</u>, 169 S.W.2d 488 (Tex. Crim. 1943). It is also the proper section for a charge against a nonresident whose "driving

privilege as a nonresident" has been suspended. The word "nonresident" in Section 34 has reference to the words "driving privilege" and not to the words "operator's, commercial operator's, or chauffeur's license." In other words, the statute has the same meaning as if it had said "any person whose operator's, commercial operator's, or chauffeur's license has been cancelled, suspended or revoked, or <u>any person whose driving privilege as a nonresident has been cancelled, suspended or revoked, etc.</u>" Section 34 is therefore applicable to a <u>resident</u> whose license, of whatever sort, has been suspended or revoked, and to a <u>nonresident</u> whose "driving privilege" has been suspended or revoked.

Section 27, on the other hand, is applicable only against a resident or a nonresident whose license (operator's, commercial operator's, or chauffeur's) or privilege to operate a motor vehicle has been suspended or revoked, and who operates a motor vehicle in Texas <u>under another license, permit, or registration certificate issued by some other jurisdiction or otherwise</u>. The commission of an offense under this section is conditioned upon the existence of such a license, permit or registration certificate. The gist of this offense is an attempt to evade detection of a violation of a suspension or revocation by procuring or using another license.

Therefore, the person with whom you are concerned cannot be charged under Section 27 unless he is operating under another license, permit, or registration certificate issued by another jurisdiction or otherwise. Section 34 is the proper section.

SUMMARY

A Texas resident who drives a motor vehicle on Texas highways while his operator's license has been suspended may be prosecuted under the provisions of Section 34 of Article 6687b, Vernon's Civil Statutes. Section 27 of that Article defines an additional offense of operating under another license, such as a

foreign license, while such suspension is
in effect.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

Ned McDaniel
State Affairs Division

Mary K. Wall
Reviewing Assistant

By *Royston Lanning*
Royston Lanning
Assistant

Charles S. Mathews
First Assistant

RL/ec